UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA SCRUGGS,

    Plaintiff,                                  Case No. 07-10384

v.

                                              Hon. John Corbett O'Meara

HARTFORD LIFE INSURANCE
COMPANY,

    Defendant.
_____/

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE ADMINISTRATIVE RECORD**

Before the court are cross motions for judgment on the administrative record, filed by the parties on August 13, 2007. Both motions have been fully briefed and the parties have submitted proposed findings of fact and conclusions of law. The court heard oral argument on October 4, 2007, and granted Defendant's motion.

**FINDINGS OF FACT**

1. Plaintiff Gloria Scruggs claims long-term disability benefits under an employee welfare benefit plan ("Plan") pursuant to the Employment Retirement Income Security Act of 1994 ("ERISA"), 29 U.S.C. §§ 1001 et seq.

2. Defendant Hartford Life Insurance Company administers the Plan.

3. Plaintiff filed her complaint on January 24, 2007, and an amended complaint on January 26, 2007. Plaintiff seeks to recover long-term disability benefits and also claims a breach of fiduciary duty.

4. Plaintiff was employed as a public relations administrator with HealthPlus of Michigan

beginning September 5, 1990.

5. Plaintiff worked for HealthPlus until August 27, 1999, when she left her employment due to migraine headaches.

6. After exhausting short-term disability benefits, Plaintiff applied for and was awarded long-term disability benefits by Hartford, effective February 26, 2000.

7. The Plan provides that participants are eligible for monthly long-term disability payments if they satisfy the "Occupation Qualifier." Administrative Record ("AR") at 15.

8. The Plan defines "Occupation Qualifier" as follows: "*Disability* means that "*Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that *You* are 1. continuously unable to perform *Material and Substantial Duties of Your Regular Occupation*; and 2. not working for wages in any occupation for which *You* are or become qualified by education, training or experience." AR at 16 (emphasis in original).

9. The Plan defines "Material and Substantial Duties" as "the necessary functions of *Your Regular Occupation* which cannot be reasonably omitted or altered." AR at 24. "Regular Occupation" is defined as "the occupation that *You* are performing for income or wages on *Your Date of Disability*. It is not limited to the specific position *You* held with *Your* employer." AR at 25 (emphasis in original).

10. Hartford conducted a review of Plaintiff's long-term disability claim in 2005. Based upon that review, Hartford concluded that Plaintiff had the functional capacity to perform the material and substantial duties of her occupation as of September 25, 2005.

11. The evidence supporting Hartford's decision included:

   a. Plaintiff's medical records, which showed improvement in Plaintiff's headaches,

relatively infrequent doctor visits for her headaches, and no serious symptoms of depression or anxiety;

    b.    Video surveillance of Plaintiff showing her functional abilities;

    c.    Plaintiff's volunteer activities;

    d.    Plaintiff's travels to Mexico and Atlanta, Georgia;

    e.    Plaintiff's participation in a regular exercise program;

    f.    Plaintiff's role as primary caretaker for her ill sister; and

    g.    The discrepancy between Plaintiff's self-reported limitations and the objective evidence of her functionality.

12. In a letter dated September 30, 2005, Hartford informed Plaintiff that it had determined that she no longer satisfied the definition of "Disability" under the terms of the Plan.

13. Hartford terminated Plaintiff's long-term disability benefits effective September 25, 2005.

14. Plaintiff appealed the termination of benefits to Hartford in a letter dated December 7, 2005.

15. In connection with Plaintiff's appeal, Hartford requested a medical records review from two physicians, a neurologist and a psychiatrist. These physicians determined that Plaintiff had the physical and psychiatric capacity to perform the material and substantial duties of her occupation.

16. Hartford issued a determination on October 26, 2006, upholding the decision to terminate Plaintiff's long-term disability benefits.

## **CONCLUSIONS OF LAW**

17. The court has jurisdiction pursuant to 29 U.S.C. § 1132(e).

18. In an ERISA denial of benefits case, judicial review is *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); see also Glenn v. MetLife, 461 F.3d 660, 665-66 (6th Cir. 2006).

19. If the plan grants discretion to the administrator or fiduciary, the district court is required to review the denial of benefits under an "arbitrary and capricious" standard. See Glenn, 461 F.3d at 666.

20. Under that standard, "[the court] will uphold the administrator's decision 'if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence.' Despite this deferential standard, however, our review is no mere formality. 'The arbitrary-and-capricious standard ... does not require us merely to rubber stamp the administrator's decision.' Instead, we are required to review 'the quality and quantity of the medical evidence and the opinions on both sides of the issues.'" Id. (citations omitted).

21. The court concludes that the Plan confers sufficient discretion on Hartford to trigger the arbitrary and capricious standard.

22. The plan certificate of coverage provides: "When making a benefit determination under the policy, *We* have discretionary authority to determine *Your* eligibility for benefits and to interpret the terms and provisions of the policy." AR at 14 (emphasis in original).

23. The certificate of coverage is expressly incorporated into the contract between the parties: "The policy, the Employer's application, *Your* certificate of coverage, and *Your*

24. application, if any, and any other attached papers, form the entire contract between the parties. . . ." AR at 22 (emphasis in original).

24. The court in Cunningham v. Paul Revere Life Ins. Co., 235 F. Supp. 2d 746, 750-51 (W.D. Mich. 2002) found similar language in the insurance application sufficient to confer discretionary authority on the insurance company. Because the certificate is expressly incorporated into the contract between the parties, the court finds that the certificate language is sufficient to confer discretionary authority on Defendant to make benefit determinations. See id. But see Sperandeo v. Lorillard Tobacco Co., 460 F.3d 86, 870-71 (7th Cir. 2006) (holding that certificate of coverage was not part of the plan because it was not expressly incorporated).

25. The standard of review, therefore, is arbitrary and capricious.

26. After review of the administrative record, the court concludes that Hartford's decision to terminate Plaintiff's benefits was rational and based upon substantial evidence. See Perry v. United Food & Commercial Workers Dist. Unions 405 & 442, 64 F.3d 238, 242 (6th Cir. 1995) ("When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary and capricious.") (citation omitted).

27. With respect to Plaintiff's claim of breach of fiduciary duty, the Supreme Court has limited the relief afforded by section 502(a)(3) of ERISA to plan participants or beneficiaries who are not able to avail themselves of other remedies under section 502. See Varity Corp. v. Howe, 516 U.S. 489, 512-15 (1996).

28. Because Plaintiff has a cause of action under section 502(a)(1)(B) for the denial of

benefits, she cannot characterize the denial of benefits as a breach of fiduciary duty claim.

29. Accordingly, the court will dismiss Plaintiff's breach of fiduciary duty claim.

30. The court will enter judgment in favor of Defendant.

**SO ORDERED.**

It is further **ORDERED** that Defendant's August 13, 2007 motion for judgment on the administrative record is **GRANTED**.

It is further **ORDERED** that Plaintiff's August 13, 2007 motion for judgment on the administrative record is **DENIED**.

s/John Corbett O'Meara
United States District Judge

Dated: October 09, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 10, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager